ORIGINAL



# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JEFFREY BUFFINGTON and JEANETTE BUFFINGTON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SUNTRUST BANKS, INC.,<br><br>Defendant. | Civil Action No. 1'09-CV-1558 |

## NOTICE OF REMOVAL

TO: The Honorable Judges of the United States District Court
Northern District of Georgia
Atlanta Division

Pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, Defendant SunTrust Bank ("SunTrust"), improperly named as SunTrust Banks, Inc. in the above-referenced lawsuit, hereby files this Notice of Removal showing this Honorable Court the following:

1.

Plaintiffs filed this purported class action against SunTrust in the Superior Court of Fulton County, Georgia. SunTrust removes this action to the United

States District Court for the Northern District of Georgia, Atlanta Division, which is the judicial district and division in which the action is currently pending.

2.

In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is being filed within 30 days of receipt of the Summons and Class Action Complaint by SunTrust.

3.

This action is properly removed to this Court because this Court has original subject matter jurisdiction over the claims brought by Plaintiffs.

4.

Pursuant to 28 U.S.C. § 1332(d)(2), this Court has original diversity subject matter jurisdiction over the claims brought by Plaintiffs for the following reasons:

a. Plaintiffs are residents and citizens of the State of Florida. (See Class Action Complaint ("Compl.") ¶ 1.)

b. SunTrust is a citizen of the State of Georgia. (Declaration of David P. Miller, attached hereto as Exhibit "A," ¶ 3.)

c. Plaintiffs, on behalf of themselves and a purported nationwide class of others similarly situated, filed this action against SunTrust alleging claims for

breach of contract (Compl. ¶¶ 24-29), conversion (Compl. ¶¶ 30-32), unconscionability (Compl. ¶¶ 33-37), and unjust enrichment (Compl. ¶¶ 38-41).

    d.    Plaintiffs' Class Action Complaint seeks restitution, damages, expenses of litigation, attorneys' fees, and "such other and further relief as the Court may deem just and equitable." (Compl. pp. 11-12.)

    e.    Plaintiffs' Class Action Complaint challenges SunTrust's alleged "bad faith assessment and collection of overdraft charges" assessed on customers' deposit accounts. (Compl. ¶ 2.) Plaintiffs allege that SunTrust "abuses its discretion" and assesses overdraft charges "in an unfair manner that is harmful to the interests of the consumer." (Compl. ¶ 8.) Plaintiffs further allege that SunTrust engages in alleged bad faith debit posting practices in order to "increase the number and amount of service fees" the bank may impose on its customers' deposit accounts. (Compl. ¶ 9.)

    f.    In particular, Plaintiffs challenge SunTrust's debit posting practices by alleging that "charges incurred are posted to consumers' accounts in order of largest to smallest amounts, even when larger charges occur days after smaller charges." (Compl. ¶ 11.) This conduct, Plaintiffs allege, results in "increased overdraft fees with no benefit to the customer," and allegedly is the result of

SunTrust's efforts "to increase the number and total amount of service fees imposed upon consumer accounts." (Compl. ¶ 13.)

g. Plaintiffs define the purported nationwide plaintiff class that they seek to represent as a class of "account holders who incurred an overdraft charge despite their account having a sufficient balance of actual funds to cover all debits that have been submitted to the bank for payment." (Compl. ¶ 16.) The purported class also includes "all SunTrust account holders who incurred one or more overdraft charges based on SunTrust's reordering of charges." (Id.)

h. Plaintiffs' Class Action Complaint does not allege a specific amount of damages, nor does it limit the amount of damages they seek. Notwithstanding Plaintiffs' failure to assign a monetary value to their claims, it is facially apparent from the Complaint that the amount in controversy in this matter exceeds $5 million, the jurisdictional requirement set forth in 28 U.S.C. § 1332(d)(2).

i. In determining whether the $5 million amount in controversy requirement of 28 U.S.C. § 1332(d)(2) is met, the claims of the putative class members are aggregated. 28 U.S.C. § 1332(d)(6)

k. Under their breach of contract claim, Plaintiffs seek to recover, on behalf of a nationwide class, all allegedly "excessive, unreasonable, and unnecessary" overdraft charges that, according to Plaintiffs' allegations, were

assessed pursuant to posting order practices of SunTrust that are "harmful to the interests of the customer." (Compl. ¶¶ 8, 28.)

l.  Among other practices, Plaintiffs specifically challenge SunTrust's alleged policy of posting debit transactions to a deposit account in the order of highest amount to lowest amount. (Compl. ¶ 11.)

m.  SunTrust has analyzed the postings to its deposit accounts for certain days within the past 12 months. (Declaration of David P. Miller ¶ 6.) If, on those dates analyzed, SunTrust had followed a policy of posting debits to its deposit accounts in the order of lowest amount to highest amount, SunTrust would have assessed over $5,000,000.00 less in overdraft charges than it actually assessed when following SunTrust's current policies and procedures for posting debits to deposit accounts. (Id.) Thus, even if Plaintiffs were seeking to recover only the amount of overdraft charges allegedly assessed in bad faith within the past 12 months, the amount in controversy in this action would exceed $5 million.[1] The statute of limitations for a breach of contract claim, which Plaintiffs allege in Count I of their Class Action Complaint, is 6 years.

---

[1] Of course, SunTrust denies that Plaintiffs have correctly characterized SunTrust's posting practices in their Class Action Complaint, that SunTrust is liable to Plaintiffs under any theory alleged in the Class Action Complaint, and that Plaintiffs are entitled to any recovery whatsoever from SunTrust. SunTrust recites Plaintiffs' allegations in this Notice only for purposes of demonstrating that the prerequisites of federal diversity jurisdiction are met.

n.  In addition, Plaintiffs' Class Action Complaint seeks more than just compensatory damages. Plaintiffs also seek attorney's fees, which may be considered in determining the amount in controversy.

o.  For the reasons stated above, this Court has original diversity jurisdiction in this case pursuant to 28 U.S.C. § 1332(d)(2) because the aggregate claims of the putative class members exceed $5 million, exclusive of interest and costs, and at least one plaintiff is diverse from one defendant.

5.

Based upon the foregoing, SunTrust has established that this Court has original jurisdiction over this action.

6.

A Removal Notice, together with a copy of this Notice, shall be filed with the Clerk of the Superior Court of Fulton County, Georgia, and shall be served on counsel for Plaintiffs.

7.

Pursuant to the provisions of 28 U.S.C. § 1446(a), SunTrust attaches to this Notice as Exhibit "B," and incorporates by reference, copies of all process, pleadings, and orders served upon it in this action, including the Complaint.

WHEREFORE, SunTrust hereby removes this case from the Superior Court of Fulton County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 10th day of June, 2009.

                                            William N. Withrow
                                            Georgia Bar No. 772350
                                            Lynette Eaddy Smith
                                            Georgia Bar No. 236841
                                            Lindsey E. Bowen
                                            Georgia Bar No. 431819
                                            *Attorneys for Defendant*

TROUTMAN SANDERS LLP
Bank of America Plaza
600 Peachtree St., N.E.
Suite 5200
Atlanta, Georgia 30308
(404) 885-3000
(404) 962-6703