# EXHIBIT B

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

JEFFREY BUFFINGTON and JEANETTE )
BUFFINGTON, on behalf of themselves )
and all others similarly situated, )
)
Plaintiffs, )
) CIVIL ACTION
v. )
) FILE NO. 2009CV168756
SUNTRUST BANKS, INC., )
)
Defendant. )

FILED IN OFFICE
MAY 06 2009
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

## CLASS ACTION COMPLAINT

Plaintiffs Jeffrey Buffington and Jeanette Buffington, by and through their attorneys of record, file this Class Action Complaint on behalf of themselves and all persons similarly situated within the United States. This Complaint is based upon the current information and belief of Plaintiffs, who hereby allege as follows:

### PARTIES

1.

Plaintiffs Jeffrey Buffington and Jeanette Buffington are residents of the State of Florida. Plaintiffs are married and share a joint checking account.

2.

The Currently Unnamed Plaintiffs are those individuals that have been harmed by Defendant's acts and practices, specifically those acts and practices related to Defendant's bad faith assessment and collection of overdraft charges from Plaintiffs and those similarly situated.

Served
via
Sheriff

RECEIVED
MAY 12 '09
9:21 AM
[illegible]

3.

Defendant SunTrust Banks, Inc. ("Defendant" or "SunTrust") is one of the nation's largest banks. SunTrust operates nearly 1700 retail branches and 2,500 bank machines in Alabama, Arkansas, Florida, Georgia, Maryland, Mississippi, North Carolina, South Carolina, Tennessee, Virginia, West Virginia, and the District of Columbia. SunTrust may be served with process via its registered agent Raymond Fortin at 303 Peachtree Street, Suite 3600, Atlanta, Georgia 30308.

JURISDICTION AND VENUE

4.

This Court has jurisdiction over this case because Defendant is registered to do business in the State of Georgia, and in fact is doing business in the State of Georgia. Moreover, Defendant is subject to the general jurisdiction of this Court because it has its headquarters and extensive facilities and operations within Georgia and Fulton County. Venue is also proper pursuant to O.C.G.A. §§ 14-2-510(b)(1) or (2).

FACTUAL ALLEGATIONS

5.

SunTrust is in the business of providing a variety of banking services including checking and savings accounts for individual consumers.

6.

Plaintiffs have a checking account with SunTrust and rely on Defendant to service the account and to safeguard monetary funds deposited thereto by Plaintiffs.

7.

SunTrust markets itself as a "solid" bank suitable for customers seeking conservative account management.

8.

Consumers, including Plaintiffs, reasonably rely on SunTrust to ensure that charges are posted to consumers' accounts in a commercially reasonable and good faith manner. Instead, SunTrust abuses its discretion and assesses charges in an unfair manner that is harmful to the interest of the consumer.

9.

SunTrust engages in this bad faith practice in order to increase the number and amount of service fees it may impose upon consumers' accounts.

10.

The charges assessed by SunTrust on the Buffingtons' checking account provide repeated examples of SunTrust's unfair and improper practices. The transactions illustrate SunTrust's routine practice of imposing fees on consumer accounts in a bad faith manner.

11.

In particular, SunTrust routinely enforces a policy whereby charges incurred are posted to consumers' accounts in order of largest to smallest amounts, even when larger charges occur days after smaller charges. The result is increased overdraft fees with no benefit to the customer.

12.

SunTrust also assesses overdraft fees even at times when the actual funds in the customer account are sufficient to cover all debits that have been submitted to the bank for payment.

13.

SunTrust engages in these unfair, deceptive, and fraudulent practices in order to increase the number and total amount of service fees imposed upon consumer accounts.

14.

Even if Plaintiffs were given materials containing language that could possibly be interpreted to authorize or disclose SunTrust's practices as described above, any such notice or authorization was inadequate and ineffective. Furthermore, SunTrust's reservation of discretion to reorder transactions and assess overdraft fees is constrained by its obligation to deal fairly and in good faith.

15.

As a result of improper overdraft fees, SunTrust has improperly deprived Plaintiffs of significant funds.

## CLASS ACTION ALLEGATIONS

16.

Class Plaintiffs bring this action both individually and on behalf of all SunTrust account holders who incurred an overdraft charge despite their account having a sufficient balance of actual funds to cover all debits that have been submitted to the bank for payment. Further, this action is brought on behalf of all SunTrust account holders who incurred one or more overdraft charges based upon SunTrust's reordering of charges.

17.

Upon information and belief, the Class of persons or entities described above is so numerous that joinder of all members by name in one action is impracticable. All injuries

4

sustained by any member of the Class arise out of the conduct of Defendant in wrongfully charging overdraft fees to the account of Plaintiffs and those similarly situated.

18.

Important questions of law and fact exist which are common to the entire Class and predominate over any questions that may affect individual Class Members in that Defendant has acted on grounds generally applicable to the entire Class. It will be shown that the cause of the fees charged to other consumers, namely SunTrust's bad faith practices which maximize its ability to collect overdraft charges, was the same for other SunTrust customers.

19.

All questions as to the actions attributable to Defendant herein are similarly common. A determination of liability for such conduct will also be applicable to all members of the Class.

20.

The claims of the Class representatives are typical of the claims of the Class in that Plaintiffs suffered damages as a result of Defendant's bad faith overdraft practices.

21.

Plaintiffs will fully and adequately represent and protect the interests of the entire Class because of the common injuries and interests of the Class Members and the uniform conduct of Defendant as to all Class Members. Plaintiffs have retained counsel competent and experienced in the prosecution of class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those of the Class they seek to represent.

22.

A class action is superior to all other available methods for fair and efficient adjudication of this controversy. There is no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

23.

The prosecution of separate actions by individual Class Members would create a risk of inconsistent and varying adjudications concerning the subject of this action, which adjudications could establish incompatible standards for Defendant under the laws alleged herein.

## REQUEST FOR CLASS RELIEF

## FIRST CLAIM FOR CLASS RELIEF

## BREACH OF CONTRACT

24.

Plaintiffs incorporate by reference the allegations in Paragraphs 1-23 above as if set forth verbatim herein.

25.

Under the law of Florida, Georgia, and the other states, good faith is an element of every contract. Every contract imposes upon each party a duty of good faith and fair dealing in its performance. Good faith in contracting is the obligation to preserve the spirit of the bargain rather than merely the letter, the adherence to substance rather than form. The statutory and common law of all states call for substantial compliance with the spirit, and not the letter only, of a contract in its performance. Evasion of the spirit of the bargain and abuse of a power to specify terms have been judicially recognized as examples of bad faith in the performance of contracts.

26.

Subterfuges and evasions violate the obligation of good faith in performance even though the actor believes his conduct to be justified. But the obligation goes further; bad faith may be overt or may consist of inaction, and fair dealing may require more than honesty. A complete catalogue of types of bad faith is impossible, but the following types are among those which have been recognized in judicial decisions: evasion of the spirit of the bargain, willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance.

27.

Where an agreement permits one party to unilaterally determine the extent of the other's required performance, an obligation of good faith in making such a determination is implied. Pursuant to its contractual agreements with consumers, SunTrust may unilaterally choose whether to impose overdraft charges by posting transactions in any order Defendant wishes and by unilaterally deciding whether to impose overdraft fees even when consumers have sufficient funds in their account to cover all debits submitted for payment. Because the occurrence, amount, and frequency of overdraft charges are set unilaterally by SunTrust, Defendant has an obligation to assess and impose overdraft charges on consumers' bank accounts in good faith. Defendant has breached this obligation by intentionally delaying and rearranging the posting of transactions to accounts in order to maximize the amount of overdraft charges imposed. Further, SunTrust has acted in bad faith by assessing overdraft fees even where customers have sufficient actual funds in their account to cover debits as they come due.

28.

In breach of its duties of good faith and fair dealing, Defendant has assessed excessive, unreasonable, and unnecessary overdraft charges against Plaintiffs and Class Members. These overdraft charges are not set in accordance with the reasonable expectations of the parties.

29.

Plaintiffs seek a judicial declaration determining that the charges imposed by Defendant are not consonant with Defendant's duties of good faith and fair dealing. Plaintiffs also seek compensatory damages resulting from Defendant's breach of its duties of good faith and fair dealing.

## SECOND CLAIM FOR CLASS RELIEF

## CONVERSION

30.

Plaintiffs incorporate by reference the allegations in Paragraphs 1-23 above as if set forth verbatim herein.

31.

SunTrust has, without adequate authorization, assumed and exercised the right of ownership over personal property belonging to Plaintiffs and those similarly situated, in hostility to the rights of Plaintiffs and those similarly situated, as described above. Plaintiffs and those similarly situated had title to funds in their checking accounts and Defendant wrongfully took possession of such funds through its unfair and bad faith practices.

32.

As a direct and proximate result of the levy of improper overdraft charges, Plaintiffs and the Proposed Class have suffered damages. The damages proximately and directly resulting

from such conduct, including actual, nominal, general, and punitive damages, should be taxed to Defendant.

## THIRD CLAIM FOR CLASS RELIEF

## UNCONSCIONABILITY

33.

Plaintiffs incorporate by reference the allegations in Paragraphs 1-23 above as if set forth verbatim herein.

34.

Defendant's customer agreements contain language that purports to authorize SunTrust to engage in the conduct of which Plaintiffs complain. Considering the great business acumen and experience of Defendant when compared to Plaintiffs and those similarly situated, the great disparity in their relative bargaining power, the inconspicuousness and incomprehensibility of the contract language, the oppressiveness of the terms, and the absence of a meaningful choice, the commercial unreasonableness of the contract terms, the purpose and effect of the terms, the allocation of the risks between the parties, and similar public policy concerns, these provisions are unconscionable and therefore unenforceable as a matter of law.

35.

Here, Plaintiffs and those similarly situated are consumers, not bankers. Defendant does not negotiate these terms with any customers. Plaintiffs, like most consumers, were not in a position to bargain for more favorable contract terms, nor were they able to experience the results of SunTrust's practices before establishing a SunTrust account. With regard to the "surprise factor," Plaintiffs and those similarly situated were not made aware of Defendant's practices at the time the contract was entered into.

9

36.

Plaintiffs request an inquiry into the setting, purpose, and effect of these terms, including the basis and justification for delaying and chronologically rearranging transactions and imposing fees even when a sufficient balance exists to cover all debits submitted for payment. The banking industry should not be immune from scrutiny. The grossly excessive price, the miniscule cost of the "service" to SunTrust, the slight inconvenience imposed on SunTrust, and the slight value of the overdraft "service" all demonstrate that SunTrust's methods for maximizing overdraft charges are unconscionable. Combined with the absence of meaningful choice, the lack of sophistication of consumers, and SunTrust's deceptive practices in rearranging and delaying transactions and imposing fees, the Court should strike down SunTrust's overdraft practices as unconscionable.

37.

SunTrust has structured totally one-sided transactions. The absence of equality of bargaining power, open negotiation, full disclosure, and a contract which fairly sets out the rights and duties of each party demonstrate that the transaction lacks those checks and balances which would inhibit the charging of unconscionable fees. Each overdraft charge derived from SunTrust's improper practices should be rescinded and refunded to Plaintiffs and those similarly situated.

## FOURTH CLAIM FOR CLASS RELIEF

## UNJUST ENRICHMENT

38.

Plaintiffs incorporate by reference the allegations in Paragraphs 1-23 above as if set forth verbatim herein.

39.

A party cannot induce, accept, or encourage another to furnish or render something of value to such party and avoid payment for the value received. As a result of the conduct described above, Defendant has been and will be unjustly enriched at the expense of Plaintiffs and Class Members.

40.

Plaintiffs transferred a benefit – in the form of money – via overdraft fees to SunTrust without a valid or enforceable contract requiring such transfer. Plaintiffs received no benefit from SunTrust in return for those overdraft fees which accrued solely based on Defendant's improper practices. Therefore, SunTrust, under equitable principles, ought to return that benefit.

41.

SunTrust, the benefited party, equitably ought to compensate Plaintiffs and those similarly situated for all excessive overdraft charges given the fact that no legal contract authorized SunTrust's practices. SunTrust has received and is holding funds belonging to Plaintiffs and those similarly situated, which in equity and good conscience SunTrust should not be permitted to keep but should be required to refund.

WHEREFORE, Plaintiffs Jeffrey Buffington and Jeanette Buffington and the numerous Currently Unnamed Plaintiffs pray:

(1)   For certification of this matter as a class action lawsuit to proceed on behalf of the class of all Currently Unnamed Plaintiffs as defined after suitable initial discovery has been completed;

(2)   For restitution;

(3)   For an award of such damages as are authorized by law;

(4)  For an award of all reasonable costs and attorneys' fees incurred by Plaintiffs;

(5)  For trial by jury of all matters; and

(6)  For such other and further relief as the Court may deem just and equitable.

DATED this 6th day of May, 2009.

                                              Respectfully submitted,

BY:  WEBB, KLASE & LEMOND, L.L.C.

*/s/ E. Adam Webb*

E. Adam Webb
  Georgia State Bar No. 743910
G. Franklin Lemond, Jr.
  Georgia State Bar No. 141315

1900 The Exchange, S.E.
Suite 480
Atlanta, Georgia 30339
(770) 444-0773
(770) 444-0271 (fax)
Adam@WebbLLC.com
FLemond@WebbLLC.com

Attorneys for Plaintiffs

**SHERIFF'S ENTRY OF SERVICE**

| SHERIFF'S ENTRY OF SERVICE | | |
|---|---|---|
| Civil Action No. _____ | Superior Court ☑ | Magistrate Court ☐ |
| | State Court ☐ | Probate Court ☐ |
| Date Filed _____ | Juvenile Court ☐ | |
| | Georgia, _____ Fulton COUNTY | |

Attorney's Address _____

_____ Plaintiff

VS.

_____

Name and Address of Party to be Served.

_____ Defendant

_____ Garnishee

**SHERIFF'S ENTRY OF SERVICE**

☐ **PERSONAL** I have this day served the defendant_____ personally with a copy of the within action and summons.

☑ **NOTORIOUS** I have this day served the defendant _____ Pittcock Sustrust _____ by leaving a copy of the action and summons at his most notorious place of abode in this County
Delivered same into hands of _____ Jack T Bullock _____ described as follows:
age, about __35__ years; weight __150__ pounds; height, about __5__ feet and __8__ inches, domiciled at the residence of defendant

☐ **CORPORATION** Served the defendant_____ a corporation by leaving a copy of the within action and summons with_____ in charge of the office and place of doing business of said Corporation in this County.

☐ **TACK & MAIL** I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

☐ **NON EST** Diligent search made and defendant_____ not to be found in the jurisdiction of this Court

This __12TH__ day of __MAY__, 20 __09__

RECEIVED
MAY 12 '09
9:21 AM
ATLANTA LEGAL

M. Essien 100%
DEPUTY

SHERIFF DOCKET_____ PAGE_____

CANARY-PLAINTIFF   PINK-DEFENDANT



IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 10 2009

| | |
|---|---|
| JEFFREY BUFFINGTON and JEANETTE BUFFINGTON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SUNTRUST BANKS, INC.,<br><br>Defendant. | Civil Action No. 1·09-CV-1558 |

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the within and foregoing **NOTICE OF REMOVAL** upon all parties of record by depositing a copy in the United States Mail, postage prepaid, addressed to:

E. Adam Webb
G. Franklin Lemond, Jr.
Webb, Klase & Lemond, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, Georgia 30339

This 10th day of June, 2009.

Lindsey E. Bowen
Georgia Bar Number 431819
Counsel for Defendant

- 8 -